Circuit Court of Cuyahoga County.

THE INDEPENDENT COAL COMPANY v. C. N. QUIRK AND P. F. WALTHAM, PARTNERS UNDER THE NAME OF NORTHERN OHIO COAL & COKE COMPANY.*

Decided, October 27, 1905.

*New Trials—Second Motion for, May be Filed—Name of Pleading Immaterial—Time for Filing Bills of Exceptions.*

1. A second motion for a new trial may be filed within the three days allowed for filing such motions, when it is based upon a different ground and one not known at the time of filing the first motion.

2. It is immaterial that a second motion asking for a new trial, upon a different ground from that set forth in the first, is designated by the pleader as an amendment to the first motion.

3. Where there has been a second motion for a new trial filed in season, the forty days allowed for filing a bill of exceptions will date from the overruling of the second motion, notwithstanding the overruling of the first motion and entering of judgment on the same day upon which the second motion was filed.

*Kerruish, Chapman & Kerruish,* for plaintiff in error.
*Hamilton & Hamillon,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This proceeding in error was brought to reverse a judgment for $333.67, recovered at the January, 1905, term of the Court of Common Pleas of Cuyahoga County, by C. N. Quirk and P. F. Waltham, partners under the firm name of Northern Ohio Coal & Coke Supply Company, an Ohio corporation, in an action upon

*Affirmed without opinion, *Independent Coal Co. v. Quirk*, 80 Ohio State, 746.

a contract for the sale and delivery of coal by said partnership to said corporation. The parties here thus stand in the relation opposite to that in which they stood in the court below.

After this proceeding in error was commenced, a motion was interposed by the defendants in error to strike the bill of exceptions from the files, upon the ground that the record shows it to have been filed after the expiration of the time limited by law for such filing. Upon diminution of record being suggested by the plaintiff in error, in this, to-wit, that the certified transcript of docket and journal entries filed herein failed to contain the entry of the order made by the court of common pleas, refusing an amendatory motion for new trial, filed by the defendant below. We entertained this suggestion and permitted the plaintiff in error to procure a correct transcript. Defendant in error's objection that the transcript could not thus be amended, after the expiration of the four months period allowed by statute for the commencement of a proceeding in error, was subsequently withdrawn, in view of the rule laid down in *Falconer et al* v. *Martin et al, Admrs.*, 66 Ohio St., 352. The motion to strike the bill of exceptions from the files was, however, still urged, upon the ground that the time for filing the same was begun, not from the date of the overruling of the amendment to the motion for a new trial but from the prior date when the original motion for a new trial was refused; and that, on this view, the forty days had expired when the bill was filed.

The transcript discloses this state of facts, namely: verdict rendered March 25, 1905; motion for new trial filed March 27; amendment filed March 28; motion overruled and judgment entered March 28; amendment to the motion for a new trial overruled May 12; bill of exceptions filed May 16. It will be observed that both the motion for a new trial and the amendment thereto were filed within the three days allowed by law; that the motion was overruled before that period had expired; that the overruling of the motion took place on the same day as the filing of the amendment, and that if we consider the order in which they are recorded in the transcript as indicating the order in which the

events occurred, the amendment was filed before the motion was overruled. It should be noted, furthermore, that the amendment alleges a ground for new trial not averred in the original motion, and that it was alleged by the mover and found by the court that this new ground was unknown to the former when the original motion was filed. On this state of facts it is claimed that the motion and the amendment must be deemed to have been acted upon together, and that the subsequent action of the court, in overruling the amendment alone, was therefore vain and nugatory. Or, if we take the view that the order of events, as recorded in the transcript, is not conclusive with respect to actions which took place in a single day, and that the amendment may therefore be deemed to have been filed after the overruling of the original action, it is still urged that the court below could not make a valid order overruling it, for several reasons, viz: first, because it is not competent to file an amendment to a motion which is no longer pending. Secondly, there is no authority for filing within term, a second motion for a new trial, however styled, after a first motion has been disposed of. Thirdly, the ruling, on the first motion, especially when coupled, as it was, with the entry of judgment on the verdict, as required by the present statute, renders the asserted right to a new trial *res judicata*, and hence a bar to entertaining a subsequent motion in the same behalf. And if the court, in the exercise of its proper control over its own orders and judgments during term, might have vacated its first order overruling the motion for a new trial and also the judgment that was entered thereon, in order that it might entertain a second motion to the same end, it is argued that no such procedure was observed in this case, and the judgment that was first rendered therein still stands, despite the fact that no judgment could lawfully be entered by the clerk until after the motion for new trial, if any, was finally overruled.

The whole question thus presented is, so far as we have discovered, a novel one. Two of the points made, may, however, be brushed aside at the outset. There is, we think, no significance in the mere name "amendment to motion for new trial," which need hinder us from treating this as an independent mo-

tion, if the ends of justice shall so require.  Compare *Klonne et al* v. *Bradstreet et al*, 7 Ohio State, 323.  Neither is there anything conclusive about the order in which independent events are recorded in the transcript, if they took place on the same day and the record contains no express recital as to the order of their occurrence.

We have then this question, whether a party may, within three days after the return of a verdict against him, and after the overruling of his first motion file a second motion for a new trial upon a new ground that was not known by him to exist when his first motion was made.  The sections of the Revised Statutes, relative to applications for new trial within term, are 5305 to 5308 inclusive, and they contain no express provision forbidding the practice here in question.  Nor does the doctrine of *res judicata* apply strictly to mere motions even where such motions result in orders that are reviewable.  We entertain no doubt that the trial court has full power to permit the filing of a second motion under these circumstances, and while it did not expressly give such permission in the present instance, the fact that it entertained the second motion, by hearing and disposing of it, on its merits, conclusively implies such permission (14 Ency. Pl. & Practice, 176, 183, 184 and 191, and cases cited).  The fact that judgment was meanwhile entered by the clerk upon the verdict, whether prematurely or otherwise, under the provisions of Section 5326, Revised Statutes, is not of itself a bar to an application for a new trial.  Applications of that nature may be made even after term under Section 5309, Revised Statutes, if the ground alleged therefor was not previously discovered by the party applying.  It is true the application, if made after term, must be made by petition; but in cases where judgment is entered by the clerk, after three days have elapsed without any motion for a new trial having been filed, it can not be doubted that under 5307 the application for a new trial may still be made at the same term by the mere motion of a party who has been "unavoidably prevented from filing the same within such time."  In this case the motion was filed within three days, and having been heard on its merits by the court

below, we hold that the evidence introduced respecting the ground of new trial therein asserted, might be, and in this case was, incorporated into a valid bill of exceptions filed within forty days after the overruling of said motion. Whether the grounds for a new trial, that were asserted only in the original motion, can be thus reviewed, we do not now decide.

The bill, which we have thus determined to consider, avers that it contains all the evidence adduced on the hearing of said motion. It is claimed, however, that this averment is plainly untrue, for the reason that the court found as a fact that the ground alleged in the motion was unknown to defendant below when his original motion was filed, whereas there is no evidence in the bill upon the subject. The record is perhaps silent as to the evidence, if any, heard by the court upon the question whether the motion was filed under circumstances which would permit it to be heard at all;. but the court having affirmatively found that question in favor of the plaintiff in error, we can not in the present status of this case, and on the mere suggestion of the defendant in error, review that finding. And with respect to the evidence heard concerning the ground asserted for a new trial, we must treat the averment of the bill as conclusive in the absence of any disclosure to the contrary.

The bill exhibits the affidavit of the bailiff temporarily acting as such in the trial court when this cause was tried and who was also a witness for the defendant. No other evidence was introduced on the hearing of the motion. He says that, during the progress of the trial, members of the jury discussed with him, and he with them, at intermissions, the general merits of the case, and particularly the meaning of the term ''local trade,'' which was in issue therein. It is true that he was a witness for the defeated party; but his affidavit avers his familiarity with the coal trade, and we can not presume that the interchange of opinions between him and members of the jury was not prejudicial. Such conduct is grossly improper, and its inevitable tendency is in subversion of justice. We think it showed such conduct of the jury as not only to warrant but to require a new trial. The judgment below is accordingly reversed and the cause remanded.